IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL JONES :

    Petitioner :

v. : Civil Action No. WDQ-11-1765
        Criminal Action No. WDQ-09-287

UNITED STATES OF AMERICA :

    Respondent

******

MEMORANDUM OPINION

Pending is the Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. §2255 (ECF No. 287) and his "Traverse to Government's Answer" (ECF No. 292), filed in response to this Court's Order advising that the pending Motion to Vacate will be dismissed as untimely unless Petitioner provides information establishing he is entitled to the benefit of the exceptions provided in 28 U.S.C. §2255 or is otherwise entitled to an equitable tolling of the statute of limitations. ECF No. 290.

On January 15, 2010, the Court sentenced Jones to 151 months incarceration and five years of supervised release after he pleaded guilty to conspiracy to possess with intent to distribute heroin. ECF No. 164. Jones did not note an appeal. Jones's conviction became final for the purposes of the one-year limitations period on the date this Court entered its judgment of conviction, given that Jones did not seek appellate review. *See United States v. Sanders*, 247 F. 3d 139, 142 (4th Cir. 2001) (explaining that where no appeal is taken, the statute of limitations begins to run on the date the court entered the judgment of conviction). This means that Jones's

limitations period began to run on January 16, 2010, and expired one year later. When Jones filed the Petition on June 28, 2011, the one-year limitations period had already expired.[1]

Petitioner asserts in his response in support of equitable tolling that he attempted to contact his attorney regarding his appeal. In support of this contention he provides a copy of a letter from his attorney dated June 20, 2011, referencing a letter the Petitioner wrote to counsel on June 16, 2011—after the limitations period had already expired. Petitioner offers no true arguments in favor of equitable tolling; rather, he argues that he did not knowingly enter his guilty plea. ECF No. 292.

As previously explained by this Court, to be entitled to equitable tolling, the Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's error caused the delay in filing, that is insufficient for equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling). To the extent the Petitioner is claiming he was not aware of his right to file a motion to vacate or was operating under the misconception

---

[1] Although the limitations period is an affirmative defense, a court may sua sponte dismiss a section 2255 petition as untimely. *See Hill v. Braxton*, 277 F. 3d 701 at 705 (4th Cir. 2002); *see also United States v. Sosa* 364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under § 2255). The Court's sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.

that an appeal was pending or to be filed, his mistaken beliefs are not circumstances beyond his control. *Sosa*, 364 F. 3d at 512 (ignorance of the law even for pro se litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely in a separate Order which follows.

_____
William D. Quarles, Jr.
United States District Judge